UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

_____

JOSE PEREZ,

        Plaintiff,                    Case No. 1:19-cv-666

v.                                          Honorable Janet T. Neff

MICHIGAN STATE POLICE
DEPARTMENT et al.,

        Defendants.
_____/

## OPINION

This is a civil rights action brought by a state prisoner under 42 U.S.C. § 1983. Under the Prison Litigation Reform Act, Pub. L. No. 104-134, 110 Stat. 1321 (1996) (PLRA), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A. The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Kerner*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, the Court will dismiss Plaintiff's complaint against Defendant Michigan State Police Department on grounds of immunity.

## Discussion

### I.    Factual Allegations

Plaintiff is presently incarcerated with the Michigan Department of Corrections (MDOC) at the Carson City Correctional Facility (DRF) in Carson City, Montcalm County,

Michigan. Plaintiff is serving several active sentences, but his most recent sentences—the sentences that relate to his complaint—were imposed following entry of guilty pleas to stabbing a police dog[1] and discharging a weapon toward a building on August 6, 2017.

Plaintiff alleges that on August 6, 2017, apparently in connection with Plaintiff's arrest, Defendant Michigan State Police Trooper Unknown Cardenas struck Plaintiff in the head and face area with a weapon five times. Plaintiff claims Defendants Michigan State Police Troopers Casey Omiljan and James Yates physically restrained Plaintiff and held him while he was handcuffed to facilitate the beating. Plaintiff sues the Michigan State Police Department for employing the individual defendants.

Plaintiff seeks $1,500,000 in compensatory and punitive damages.

## II.     Failure to State a Claim

A complaint may be dismissed for failure to state a claim if it fails "'to give the defendant fair notice of what the . . . claim is and the grounds upon which it rests.'" *Bell Atl. Corp. v. Twombly*, 550 U.S. 544, 555 (2007) (quoting *Conley v. Gibson*, 355 U.S. 41, 47 (1957)). While a complaint need not contain detailed factual allegations, a plaintiff's allegations must include more than labels and conclusions. *Twombly*, 550 U.S. at 555; *Ashcroft v. Iqbal*, 556 U.S. 662, 678 (2009) ("Threadbare recitals of the elements of a cause of action, supported by mere conclusory statements, do not suffice."). The court must determine whether the complaint contains "enough facts to state a claim to relief that is plausible on its face." *Twombly*, 550 U.S. at 570. "A claim has facial plausibility when the plaintiff pleads factual content that allows the court to draw the reasonable inference that the defendant is liable for the misconduct alleged." *Iqbal*, 556 U.S. at

---

[1] The details in Plaintiff's complaint are sparse. A Lansing State Journal article suggests that Plaintiff stabbed Defendant Cardenas' K-9 partner. *See* https://www.lansingstatejournal.com/story/news/local/2017/08/09/michigan-state-police-dog-stabbed-during-pursuit-released-michigan-state-vet-hospital/553023001/ (visited Aug. 26, 2019).

2

679. Although the plausibility standard is not equivalent to a "'probability requirement,' . . . it asks for more than a sheer possibility that a defendant has acted unlawfully." *Iqbal*, 556 U.S. at 678 (quoting *Twombly*, 550 U.S. at 556). "[W]here the well-pleaded facts do not permit the court to infer more than the mere possibility of misconduct, the complaint has alleged—but it has not 'show[n]'—that the pleader is entitled to relief." *Iqbal*, 556 U.S. at 679 (quoting Fed. R. Civ. P. 8(a)(2)); *see also Hill v. Lappin*, 630 F.3d 468, 470-71 (6th Cir. 2010) (holding that the *Twombly/Iqbal* plausibility standard applies to dismissals of prisoner cases on initial review under 28 U.S.C. §§ 1915A(b)(1) and 1915(e)(2)(B)(i)).

To state a claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994). When a free citizen claims that a government actor used excessive force during the process of an arrest, seizure, or investigatory stop, we perform a Fourth Amendment inquiry into what was objectively "reasonable" under the circumstances. *Graham v. Connor*, 490 U.S. 386, 396 (1989); *Lanman v. Hinson*, 529 F.3d 673, 680 (6th Cir. 2008). Plaintiff's allegations suffice to state a claim that the individual defendants used excessive force during Plaintiff's arrest. Plaintiff's allegations fall short, however, with respect to Defendant Michigan State Police Department because of sovereign immunity.

Regardless of the form of relief requested, the states and their departments are immune under the Eleventh Amendment from suit in the federal courts, unless the state has waived

3

immunity or Congress has expressly abrogated Eleventh Amendment immunity by statute. *See Pennhurst State Sch. & Hosp. v. Halderman*, 465 U.S. 89, 98-101 (1984); *Alabama v. Pugh*, 438 U.S. 781, 782 (1978); *O'Hara v. Wigginton*, 24 F.3d 823, 826 (6th Cir. 1993). Congress has not expressly abrogated Eleventh Amendment immunity by statute, *Quern v. Jordan*, 440 U.S. 332, 341 (1979), and the State of Michigan has not consented to civil rights suits in federal court. *Abick v. Michigan*, 803 F.2d 874, 877 (6th Cir. 1986).

The Michigan State Police is an agency of the state of Michigan, protected by sovereign immunity. *See Lavrack v. City of Oak Park,* No. 98-1142, 1999 WL 801562, at *2 (6th Cir. Sept.28, 1999); *see also Scott v. Michigan,* 173 F. Supp. 2d 708, 714 (E.D. Mich. 2001) (finding the Michigan State Police is an arm of the State of Michigan entitled to Eleventh Amendment immunity); *Jones v. Robinson,* No. 12-12541, 2012 U.S. Dist. LEXIS 113652, at *8, (E.D. Mich. Aug.13, 2012) (also finding Michigan State Police Department is a state agency immune from suit under § 1983); *Haddad v. Fromson,* 154 F. Supp. 2d 1085, 1091 (W.D. Mich. 2001) (explaining that the Michigan State Police is a department of the State of Michigan "created by statute," and is thus entitled to Eleventh Amendment immunity) (citing Mich. Comp. Laws § 16.250)), *overruled on other grounds*, *Lapides v. Bd. of Regents of the Univ. Sys. of Georgia*, 535 U.S. 613 (2002). Moreover, the Sixth Circuit has observed that the Michigan State Police Department is not a "person" subject to suit under § 1983. *Lavrack,* 1999 WL 801562 at *2 (citing *Howlett v. Rose,* 496 U.S. 356, 383 (1990)). Accordingly, Plaintiff's complaint against the Michigan State Police Department is properly dismissed.

## Conclusion

Having conducted the review required by the Prison Litigation Reform Act, the Court determines that Defendant Michigan State Police Department will be dismissed on grounds

of immunity, under 28 U.S.C. §§ 1915(e)(2) and 1915A(b).  Plaintiff's excessive force claims against Defendants Cardenas, Yates, and Omiljan remain in the case.

An order consistent with this opinion will be entered.


Dated:   September 4, 2019                         /s/ Janet T. Neff
                                                                    Janet T. Neff
                                                                    United States District Judge