UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE ANTONIO PEREZ #404232,

    Plaintiff,                                          Hon. Hala Y. Jarbou

v.                                                        Case No. 1:19-cv-666

MICHIGAN STATE POLICE, et al.,

    Defendants.
_____/

## REPORT AND RECOMMENDATION

The Court has before it Defendants James Yates's and Casey Omiljan's Motion for Summary Judgment. (ECF No. 14.) Pursuant to 28 U.S.C. § 636(b)(1)(B), I recommend that the motion be **DENIED**.

### I. Background

Plaintiff, a state prisoner incarcerated with the Michigan Department of Corrections, sued Defendants Michigan State Police Troopers David Cardenas, James Yates, and Casey Omiljan pursuant to 42 U.S.C. § 1983, alleging that they used excessive force in the course of arresting him on August 6, 2017, in violation of his rights under the Fourth Amendment. In particular, Plaintiff alleged that Defendant Cardenas struck Plaintiff in the head and face five times with a weapon and that Defendants Yates and Omiljan physically held Plaintiff while he was in handcuffs as Defendant Cardenas struck Plaintiff with the weapon. The alleged weapon was Plaintiff's own shoe.

On August 6, 2017, Yates and Omiljan responded to a report of shots fired at a home. The homeowner informed the officers that he believed Plaintiff was the shooter based on earlier threats

that Plaintiff had made. Shortly thereafter, the officers received a tip that Plaintiff was at a gas station in Howard City, Michigan. When the officers arrived at the gas station, they observed Plaintiff, who was in a van, pull away and head north on the highway. The officers gave chase, which eventually ended when Plaintiff stopped his van near a wooded area and Plaintiff and his female passenger ran into the woods. (ECF No. 15-1 at PageID.65.)

In response to the officers' request for a K-9 unit to track Plaintiff and his accomplice, Defendant Cardenas arrived at the scene with a police K-9. Officers searched the woods and eventually located Plaintiff and his accomplice. The accomplice complied with the officers' commands to lay on the ground, but Plaintiff threw a handgun into the brush and ran. (*Id.* at PageID.71.) Defendant Cardenas and the K-9 then chased Plaintiff. During the chase, as the K-9 attempted to bring Plaintiff down, Plaintiff stabbed the K-9 in the neck with a knife. (ECF No. 15-5 at PageID.230.) Plaintiff then fell into a "valley." (ECF No. 15-2 at PageID.138.) Seeing Plaintiff, Defendant Cardenas deployed his taser and brought him to the ground. (*Id.* at PageID.138.) Defendant Omiljan, who had followed Plaintiff and Defendant Cardenas into the woods, came across Plaintiff on the ground and handcuffed him while Defendant Cardenas retrieved the K-9. (ECF No. 15-1 at PageID.95.) Defendant Omiljan escorted Plaintiff back out to the road where the patrol cars were parked.

After Defendant Omiljan returned to the roadway with Plaintiff, he and Defendant Yates detained Plaintiff near a patrol car to prevent him from fleeing. (ECF No. 15-2 at PageID.140.) At some point during the chase, the K-9 had removed one of Plaintiff's shoes. (ECF No. 15-1 at PageID.139.) As Defendants Omiljan and Yates held Plaintiff, Defendant Cardenas approached the group with Plaintiff's shoe in his hand. It is undisputed that at that point, Defendant Cardenas, angry that Plaintiff had stabbed his dog, hit him with the shoe at least once. Defendant Cardenas's

specific actions are disputed. According to Plaintiff, Defendant Cardenas said, "you want to stab my dog," struck Plaintiff in the face with the shoe five times and then mashed it into his face "[l]ike a pie to the face." (*Id.* at PageID.141–143.) At Plaintiff's preliminary examination, Defendant Cardenas testified that he told Plaintiff, "You stabbed by F-ing dog," and then hit Plaintiff in the face with the shoe or "pushed it in his face." (ECF No. 15-5 at PageID.230.) Defendants Yates and Omiljan have slightly different recollections. Defendant Yates recalls that Defendant Cardenas hit or tapped Plaintiff with the shoe one time "somewhere in the chest." (ECF No. 15-3 at PageID.146.) Defendant Omiljan recalls Defendant Cardenas throwing or shoving the shoe at Plaintiff's upper chest one time, but not hitting Plaintiff with the shoe. (ECF No. 15-4 at PageID.224.)

## II.  Motion Standard

Summary judgment is appropriate if there is no genuine issue as to any material fact, and the moving party is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(a). Material facts are facts that are defined by substantive law and are necessary to apply the law. *Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 248, 106 S. Ct. 2505, 2510 (1986). A dispute is genuine if a reasonable jury could return judgment for the non-moving party. *Id.*

The court must draw all inferences in a light most favorable to the non-moving party but may grant summary judgment when "the record taken as a whole could not lead a rational trier of fact to find for the non-moving party." *Agristor Fin. Corp. v. Van Sickle*, 967 F.2d 233, 236 (6th Cir. 1992) (quoting *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 587 (1986)).

## III.  Discussion

Defendants Yates and Omiljan argue that they are entitled to summary judgment because Plaintiff cannot show that the force they used in restraining him was excessive in violation of the Fourth Amendment. They further argue that, to the extent Plaintiff's claim is construed as a failure

3

to intervene claim, they are entitled to summary judgment because they had no idea Cardenas would hit Plaintiff with the shoe or throw it at him, and they had no opportunity to intervene before the incident was over.

First, as to whether Defendants Yates and Omiljan used excessive force in restraining Plaintiff so that he would not run, there is no evidence in the record that they acted unreasonably. Because reasonableness is the touchstone of Fourth Amendment analysis, *County of Los Angeles v. Mendez*, __ U.S. __, 137 S. Ct. 1539, 1546 (2017) (quoting *Birchfield v. North Dakota*, __ U.S. __, 136 S. Ct. 2160, 2186 (2016), there is no factual basis to conclude that Defendants Yates and Omiljan's use of force to restrain Plaintiff was unlawful. Plaintiff does not argue otherwise.

As is clear from Plaintiff's response, he claims that Defendants Yates and Omiljan failed to intervene to protect him from Defendant Cardenas hitting him with the shoe. To establish a failure to intervene claim, a plaintiff "must show that the officers (1) 'observed or had reason to know that excessive force would be or was being used, and (2) . . . had both the opportunity and the means to prevent the harm from occurring.'" *Sheffey v. City of Covington*, 564 F. App'x 783, 793 (6th Cir. 2014) (quoting *Turner v. Scott*, 119 F.3d 425, 429 (6th Cir. 1997)). As for the first element, the plaintiff must show that it was clear that the officer knew or had reason to know that the incident he was witnessing constituted excessive force. *See Ontha v. Rutherford Cty.*, 222 F. App'x 498, 506 (6th Cir. 2007). Even if the officer was aware that he was witnessing an incident of excessive force, he must have had sufficient time to act to stop it. *See Burgess v. Fischer*, 735 F.3d 462, 475 (6th Cir. 2013) (observing that a plaintiff must "demonstrate that the incident lasted long enough for [the officers] to both perceive what was going on and intercede to stop it"). As the Sixth Circuit has recognized, courts are generally unwilling to impose a duty to intervene when the incident unfolds "in a matter of seconds." *Ontha*, 222 F. App'x at 506. The longer an incident

lasts, however, the more likely it is that a court will find a duty to intervene. For example, in *Burgess*, the court found that there was insufficient time for the officers to act where the takedown lasted no more than ten seconds. 735 F.3d at 475–76. In contrast, in *Goodwin v. City of Painesville*, 781 F.3d 314, 329 (6th Cir. 2015), the court concluded that a 21-second tasering was of sufficient length to create a jury question about whether the officers had sufficient time to intervene.

Here, Defendants Yates and Omiljan contend that they are entitled to summary judgment because they both recall Cardenas hitting Plaintiff with the shoe only once and Cardenas testified at the preliminary examination that he hit Plaintiff with the shoe only once, to which, they argue, Plaintiff agreed. (ECF No. 15 at PageID.52.) The preliminary examination transcript does not support this assertion regarding Plaintiff. Plaintiff did not agree that Defendant Cardenas hit him only once. Rather, in response to Defendant Cardenas's statement that he hit Plaintiff in the face with the shoe, Plaintiff responded: "At least there's some honesty[,] I appreciate that," (ECF No. 15-5 at PageID.230)—meaning that Plaintiff appreciated Defendant Cardenas's admission that he hit Plaintiff with the shoe, not that he agreed that Defendant Cardenas hit him only once.

Defendants do not address Plaintiff's testimony that Defendant Cardenas hit him with the shoe five times and then mashed it into his face, which must be taken as true for purposes of the instant motion. Moreover, they do not address whether Plaintiff's evidence is sufficient to establish his claim. Regarding the first element, the evidence shows that Defendants Yates and Omiljan had reason to know that Defendant Cardenas's use of force—hitting Plaintiff in the face with a shoe while he was handcuffed and being restrained—was unnecessary and, therefore, excessive. As for the second factor, Defendants Yates and Omiljan may or may not have had sufficient opportunity to prevent Defendant Cardenas from using excessive force. Given that they were holding Plaintiff, they were in a position to do something. The question is whether they had sufficient time to stop

Defendant Cardenas. As all parties agree, if Defendant Cardenas hit Plaintiff only once, as Defendants Yates and Omiljan claim, they would not have had sufficient time to act. The same may or may not be true if Defendant Cardenas hit Plaintiff five times and smashed the shoe into Plaintiff's face as Plaintiff claims. Even in that case, the incident may have spanned only a few seconds, giving Defendants Yates and Omiljan insufficient time to act. On the other hand, if the incident lasted longer, Defendants might have had time to prevent some harm. Based on the present record, the duration is an open issue. Thus, the Court cannot conclude that Defendants have met their summary judgment burden.

Defendants also argue that they are entitled to qualified immunity. The doctrine of qualified immunity provides that government officials performing discretionary functions are generally shielded from liability for civil damages insofar as their conduct does not violate clearly established statutory or constitutional right of which a reasonable person would have known. *Harlow v. Fitzgerald*, 457 U.S. 800, 818 (1982); *Dietrich v. Burrows*, 167 F.3d 1007, 1012 (6th Cir. 1999). An "objective legal reasonableness" test is used to determine whether the official could reasonably have believed his conduct was lawful. *Anderson v. Creighton*, 483 U.S. 635, 639 (1987). "Qualified immunity balances two important interests—the need to hold public officials accountable when they exercise power irresponsibly and the need to shield officials from harassment, distraction, and liability when they perform their duties reasonably." *Pearson v. Callahan*, 555 U.S. 223, 231 (2009).

The qualified immunity inquiry requires a court to decide whether the facts as alleged or shown make out a constitutional violation and whether the right that was allegedly violated was clearly established at the time of the alleged misconduct. *Id.* at 232. If the court can conclude that either no constitutional violation occurred or that the right was not clearly established, qualified

immunity is warranted. The court may consider either prong of the inquiry without regard to sequence. *Id.* at 236. As discussed above, an issue of fact remains as to whether Defendants Yates and Omiljan had sufficient time to stop Defendant Cardenas from hitting Plaintiff with the shoe. In addition, at the time of the incident, it was clearly established law in the Sixth Circuit that an officer has a duty to intervene to prevent excessive force where the officer observes, or has reason to know of, excessive force being used and had the opportunity and means to prevent the use of such force. *Turner*, 119 F.3d at 429.

Accordingly, Defendants Yates and Omiljan are not entitled to qualified immunity.

## IV. Conclusion

For the reasons set forth above, I recommend that the Court **deny** Defendants Yates and Omiljan's motion for summary judgment. (ECF No. 15.)

## NOTICE

OBJECTIONS to this Report and Recommendation must be filed with the Clerk of Court within 14 days of the date of service of this notice. 28 U.S.C. § 636(b)(1)(C). Failure to file objections within the specified time waives the right to appeal the District Court's order. *See Thomas v. Arn*, 474 U.S. 140 (1985); *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981).

Dated: October 1, 2020                   /s/ Sally J. Berens
                                         SALLY J. BERENS
                                         U.S. Magistrate Judge