Case 1:19-cv-00666-HYJ-SJB   ECF No. 25,   PageID:272   Filed 11/18/20   Page 1 of 7

FILED - KZ
November 18, 2020 12:07 PM
U.S. DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
ems Scanned by EMS /11/18

UNITED STATES DISTRICT COURT

WESTERN DISTRICT OF MICHIGAN

Jose Antonio Perez #404232

Plaintiff,

1:19-cv-666
Hala Y. Jarbou
 U.S. District Judge
Sally J. Berens
 U.S. Magistrate Judge

#1:19-cv-0066

Hon.: Janet T. Neff

V.

Michigan State Police,

Trooper David Cardenas,

Trooper James Yates, and

Trooper Casey Omiljan,

Defendants,

Mag. Polly J. Barnes

---

Jose Antonio Perez #404232

In pro per

Carson City Corr. Fac.

10274 Boyer Rd

Carson City MI, 4881

Andrew J. Jurgensen

P(61123)

Assist. Attorney Gen.

Attorney for Defendants

State Operations Divison

P.O. Box 30754

Lansing MI 48909

---

### Plaintiffs Response to Defendants Objection:

In response to the defendants objection, the plaintiff would like to respond with his own objection to the defendants objection:

The plaintiff believes he has shown that the "officials applied force maliciously and sadistically for the very purpose of causing harm" or ... "with a knowing willingness that (harm) occured". Farmer 511 US at 835-36, 114 S.Ct 1970 (1992) Hudson v. Mcmillian 503 US 1, 6-7, 112 S.Ct 995, 117 L.ED 2d 156 (1992).

See Farmer 511 US at 835, 114 S.Ct 1970 "(T)he cases are ... clear that (the deliberate indifference standard) is satisfied by something less than acts or omissions for the very purpose of causing harm or with knowledge that harm will result)".(emphasis added)

The defendants have both clearly admitted that ofc Cardenas did use excessive force, after the plaintiff had been tazed and in handcuffs under their control, the plaintiffs ability to run had been lost by the officers actions. These officers training should of given them more than fare warning that ofc Cardenas, "was going to lose it" with the plaintiff after the harm caused to his partner (i.e. K-9 officer):

It is well understood that a very special bond happens between a K-9 ofc and there partners that develops over years of training and working together.

Ocf Yates, Omiljan knew the code that some sort of get back was reasonable after a fellow officer had been injured by the plaintiff. This code was on display here in this case as ofc Cardenas testified too.

"Factual allegations must state a claim for relief that is plausible on it's face, which requires facts that permit the Court to infer more than mere possibility of misconduct." Iqbal 556 US at 678, 129 S.Ct (1937). Quoting Twombly 550 US at 570, 127 S.Ct (1955) 679 129 S.Ct (1937).

Ofc Yates, and Omiljan state of mind was to cover up this excessive force which they were a part of, these two officers did not report this to there

II

supervisory, or seek medical aid for the plaintiff, nor testify to the Court of record that this excessive force had occurred.

Only ofc Cardenas came clean on the stand to this excessive force.

This Honorable Court looks first to the US Supreme Court for guidance, then the 6th Circuit Court then there follow sister Courts

Looking at these two cases below should grant some guidance to this Honorable Court or so the plaintiff believes;

The 10th Circuit explained that "personal involvement is not limited soley to situations where a defendant violates a plaintiffs Rights by Physically placing hands on him". (Alteration in original) Internal quotation marks omitted)

Dadds v. Richardson 614 F3d 1185, 1195 (10th cir 2010)

and

The 6th Circuit held that "Noting that Encouragement, Authorization, Approval, and Knowing acquirescence are all sufficient to confer liability".

Doe v. City of Rosevill 296 F3d 431, 440 (6th Cir 2002). The fact that only now the defendants openly acknowledged that this excessive force did occure to the plaintiff, and only after he filed his civil suit. Shows there willingness, their Encouragement, Authorization, Approval, knowing Acquinscene, and all are more than sufficient to confer liability on the defendants.

There was absolutely no attempt to come to the aid of the plaintiff and stop this excessive use of force per their own admission, It is clear they approved of and authorizated the excessive force use by ofc Cardenas. When they failed to report it, and or seek medical treatment after the assault accured. Their duty of care is to protect the plaintiff and then report this excessive use of force. No Rational person would believe that these two officers did not know

III

what the plaintiff had comeing from ofc Cardenas after his friend and partner had been injured They just could not believe that after they aid officer Cardenas to assault the plaintiff by holding him, that ofc Cardenas would just admitt to it in his testimony.

That is there biggest problem here, and now they have enlisted the state A.G. Office to aid them in there Cover Up, going to any means necessary to avoid Responsibility and Liability.

The US Supreme Court in;

Anderson v. Creighton 483 US 635, 640 (1987) held. "For a right to be clearly established, (t)he contours of the right must be sufficiently clear that a reasonable official would of understood that what he is doing violates that right"

A right maybe clearly established in any number of ways, and amendment, Supreme Court Ruling, and so on

It is hard to believe that ofc's Yates, and Omiljen did not know at the time of the assault by ofc Cardenas that the Plaintiff had a Constitutional Right not to be "held by these two officers as he was being assaulted by ofc Cardnas"

The number of strikes becomes less important here then the officers Failure in their Constitutional Duty to Protect Plaintiff from the assault.

See: Hope v. Pelzer 536 US 730, 741 (2002). The US Supreme Court held that "officials can still be on notice that their conduct violates established law even in the Novel Factual Circumstances".

The officers in question have shown that they had a culpable Mental State to aid ofc Cardenas in his excessive use of force. These officers Deliberately attempted to conceal ofc Cardenas conduct, therefore they are liability to the plaintiff for there Culpability.

IV

The Supreme Court held that, when the state takes a person into it's custody and holds him there against his will, the Constitution Imposes upon it a corresponding duty to assume some responsibility for his safety and general well-being... That affirmative duty to protect arises not from the state's knowledge of the individual's predicament or from it's expressions of intent to help him, but from the limitation which it has imposed on his freedom to act on his own behalf".

Quoting Deshaney 489 US at 199-200, 109 S Ct 998.

There can be no doubt that the "ultimate question" in the qualified immunity analysis "is whether the Defendant(s) had "Fair Warning" that his conduct deprived his victim of a Constitutional Right".

See: Schnayder (653 F3d at 329) Quoting Hope v. Pelzer 536 US 730, 740, 122 S.Ct. 2508, 153 L.Ed 2d 666 (2002)

The plaintiff, a pretrial detainee has a Constitutional Right under the 14th Amendment to be free from punishment without Due Process of Law:

See: Bell v. Wolfish 441 US 520, 534, 99 S Ct 1861, 60 L.Ed 2d 447 (1979).

See Also: Ingraham v. Wright 430 US 651, 671, N.40, 97 S.Ct 1401, 51. L.Ed 2d 711 (1977)

The only question is whether the situation at issue amounts to punishment of the Detainee 411 US at 534, 99 S.Ct 1861:

The plaintiff, first and most obviously as a pretrial detainee he can show that a government official's action was taken with an "expressed intent to punish.

See: Kingsley 135 S.Ct at 2473 (quoting Bell 441 US at 538, 99 S.Ct 1861).

Second, a pretrial detainee can show that a government official's deliberate action was objectively unreasonable. Id at 2472-73.

Because an objectively unreasonable action (by the defendants) has no

"legitimate non-punitive governmental purpose", it indicates an intent to punish (Bell 441 US at 561, 99 S.CT 1861)

The 10th Circuit Court said it best in Martinez 697 F3d at 1255 "To Be Sure" (s)ection (1983) "should be read against the background of tort liability that makes a man responsible for the natural consequences of his actions".

The plaintiff contends his Constitutional Rights where clearly established before the officer's in question so blatently violated them. And that it is clear ofc Yates, ofc Gmiljan knew this and still sided ofc Cardenas as the court record shows by their lack of actions, and or their lack to duty of care.

In conclusion this Honorable Court should rule against the defendants objection to the Honorable Sally J. Barnes Report and Recommendations... And deny there Motion for Summery Judgement.

Jose Antonio Perez          11-10-20

Certification of Service

A copy of this was mailed on this Date 11-10-20 of 2020 to Defendants Counsel:

VI

Jose Perez #404232
DRF East
10274 E. Boyer Rd
Carson City, MI  48811

Clerk of Court
107 Federal Building
410 W. Michigan Ave
Kalamazoo, MI
         49007