UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

JOSE PEREZ,

    Plaintiff,

v.

MICHIGAN STATE POLICE DEPARTMENT,
et al.,

    Defendants.
_____/

Case No. 1:19-cv-666

Honorable Hala Y. Jarbou

## **ORDER**

This is a civil rights action filed by a prisoner who claims that Defendants, three Michigan State Troopers, used excessive force against him during his arrest. He claims that one officer, Defendant Cardenas, struck him in the face five times with a shoe while the other two officers, Defendants Yates and Omiljan, held Plaintiff in handcuffs. Defendants Yates and Omiljan moved for summary judgment. In a Report and Recommendation (R&R, ECF No. 22), the magistrate judge recommends that the Court deny the motion. Before the Court are Defendants' objections to the R&R (ECF No. 23).

Under 28 U.S.C. § 636(b)(1) and Rule 72 of the Federal Rules of Civil Procedure, the Court must conduct de novo review of those portions of the R&R to which objections have been made. Specifically, the Rules provide that:

> The district judge must determine de novo any part of the magistrate judge's disposition that has been properly objected to. The district judge may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions.

Fed. R. Civ. P. 72(b)(3).

Plaintiff claims that Yates and Omiljan failed to intervene to prevent the excessive force used by Cardenas.  The key to ascertaining the liability of Defendants Yates and Omiljan is determining whether they had sufficient time to act to prevent Cardenas from striking Plaintiff in the face.

> As all parties agree, if Defendant Cardenas hit Plaintiff only once, as Defendants Yates and Omiljan claim, they would not have had sufficient time to act. The same may or may not be true if Defendant Cardenas hit Plaintiff five times and smashed the shoe into Plaintiff's face as Plaintiff claims. Even in that case, the incident may have spanned only a few seconds, giving Defendants Yates and Omiljan insufficient time to act. On the other hand, if the incident lasted longer, Defendants might have had time to prevent some harm.

(R&R 6.)

The magistrate judge properly determined that there was a genuine dispute of material fact on this issue.  Plaintiff testified that Cardenas struck him five times.  Yates and Omiljan recall Cardenas hitting Plaintiff only once.  Cardenas also contends that he hit Plaintiff only once.  It is up to the jury to decide which account is more credible.

Defendants ask the Court to disregard Plaintiff's testimony because it is "inherently self-serving" and because it contradicts the testimony of three other individuals, but those arguments bear on the credibility of Plaintiff's testimony, which is a matter for a jury to decide.  The Court cannot resolve credibility issues at the summary judgment phase.  *See Anderson v. Liberty Lobby, Inc.*, 477 U.S. 242, 255 (1986) ("Credibility determinations, the weighing of the evidence, and the drawing of legitimate inferences from the facts are jury functions, not those of a judge[.]").

Indeed, all testimony by a party supporting their own position—including Defendants' testimony—is inherently self-serving, but that does not mean the Court can ignore it.  "Although perhaps not as strong as some other evidence might be, self-serving statements can create a genuine dispute of material fact to be resolved at trial."  *Davis v. Gallagher*, 951 F.3d 743, 750 (6th Cir. 2020).  There are circumstances in which self-serving testimony does not create a genuine dispute

of material fact because it is "blatantly and demonstrably false," *id.*, but those circumstances are not present here. This is not a case in which the challenged testimony is "blatantly contradicted" by video evidence, *see, e.g.*, *Scott v. Harris*, 550 U.S. 372, 380 (2007), or in which the non-moving party's version of the events is "totally implausible," *see Street v. J.C. Bradford & Co.*, 886 F.2d 1472, 1480 (6th Cir. 1989).

Defendants argue that Plaintiff's testimony is akin to "unsubstantiated, self-serving assertions [that] will not preclude an adequately supported motion for summary judgment from being granted." *Mosquera v. MTI Retreading Co.*, 745 F. App'x 568, 573 (6th Cir. 2018). That comparison does not work here. Eyewitness testimony from Plaintiff about events that happened to him is not at all like the "best guess" of the witness in *Mosquera*, or like the "vague" and "unsubstantiated" assertions that were not sufficient to survive summary judgment in other cases. *See id.* (collecting cases).

Furthermore, there is no rule that the testimony of three eyewitnesses trumps the testimony of a fourth. In other words, a reasonable jury could find, based on Plaintiff's testimony alone, that Cardenas struck Plaintiff more than once and that Defendants had an opportunity to intervene to prevent further harm.

In short, the Court discerns no error in the R&R. Accordingly,

**IT IS ORDERED** that Defendants' objections to the R&R (ECF No. 23) are **DENIED** and the R&R (ECF No. 22) is **ACCEPTED** and **ADOPTED** as the Opinion of the Court.

**IT IS FURTHER ORDERED** that, for the reasons herein and in the R&R, Defendants' motion for summary judgment (ECF No. 17) is **DENIED**.

Dated: December 2, 2020              /s/ HALA Y. JARBOU
                                                                           Hala Y. Jarbou
                                                                           United States District Judge